ADAM GORDON
United States Attorney
STEPHANIE A. SOTOMAYOR
Assistant U.S. Attorney
Illinois Bar No. 6325877
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9590
Email: Stephanie.Sotomayor@usdoj.gov
*Attorneys for Defendant United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| TAVON BARBER,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No.: 25-00086-AMM<br><br>**DEFENDANT UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT** |

The UNITED STATES OF AMERICA ("Defendant") by and through its attorneys, Adam Gordon, United States Attorney, and Stephanie A. Sotomayor, Assistant United States Attorney, answers Plaintiff's Complaint ("Complaint") as follows:

**JURISDICTION AND VENUE**

1. Answering Paragraph 1, Defendant affirmatively alleges that Paragraph 1 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

2. Answering Paragraph 2, Defendant affirmatively alleges that Paragraph 2 contains jurisdictional allegations, which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer

is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

3. Answering Paragraph 3, Defendant affirmatively alleges that Paragraph 3 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

4. Answering Paragraph 4, Defendant affirmatively alleges that Paragraph 4 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

5. Answering Paragraph 5, Defendant admits Plaintiff submitted an administrative claim, which was received by the Federal Bureau of Prisons on November 30, 2023. Answering the remaining allegations contained in this Paragraph, Defendant affirmatively alleges that these allegations contain legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies these allegations in their entirety.

## PARTIES

6. Answering Paragraph 6, Defendant admits Plaintiff currently resides in Missouri. Defendant admits that, from December 30, 2021 until January 1, 2022, Plaintiff was in custody of the Federal Bureau of Prisons at USP Tucson, a prison located in Tucson, Arizona. Defendant denies the remaining allegations in this paragraph.

7. Answering Paragraph 7, Answering the remaining allegations contained in this Paragraph, Defendant affirmatively alleges that these allegations contain legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies these allegations in their entirety.

8. Answering Paragraph 8, Defendant admits Plaintiff submitted an administrative claim, which was received by the Federal Bureau of Prisons on November

30, 2023. Answering the remaining allegations contained in this Paragraph, Defendant affirmatively alleges that these allegations contain legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies these allegations in their entirety.

## FACTS

9. Answering Paragraph 9, Defendant denies the allegations contained in this paragraph.

10. Answering Paragraph 10, Defendant denies the allegations contained in this paragraph.

11. Answering Paragraph 11, Defendant denies the allegations contained in this paragraph.

12. Answering Paragraph 12, Defendant denies the allegations contained in this paragraph.

13. Answering Paragraph 13, Defendant admits Lieutenant Pierce and correctional officers Wade, Davey, and Vasquez were involved in the monitoring of Plaintiff on December 31, 2021. Defendant admits Plaintiff was in restraints on December 21, 2021. Defendant denies the remaining allegations contained in this paragraph.

14. Answering Paragraph 14, Defendant denies the allegations contained in this paragraph.

15. Answering Paragraph 15, Defendant admits Plaintiff was given lunch on December 31, 2021. Defendant denies the remaining allegations contained in this paragraph.

16. Answering Paragraph 16, Defendant denies the allegations contained in this paragraph.

17. Answering Paragraph 17, Defendant denies the allegations contained in this paragraph.

18. Answering Paragraph 18, Defendant denies the allegations contained in this paragraph.

19. Answering Paragraph 19, Defendant admits that, after Plaintiff was placed in a holding cell on December 31, 2021, Nurse Avilez was among prison staff who performed checks on Plaintiff. Defendant admits multiple checks were performed on Plaintiff by various staff members on December 31, 2021. Defendant denies the remaining allegations contained in this paragraph.

20. Answering Paragraph 20, Defendant denies the allegations contained in this paragraph.

21. Answering Paragraph 21, Defendant denies the allegations contained in this paragraph.

22. Answering Paragraph 22, Defendant denies the allegations contained in this paragraph.

23. Answering Paragraph 23, Defendant affirmatively alleges that these allegations contain legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies these allegations in their entirety.

24. Answering Paragraph 24, Defendant denies the allegations contained in this paragraph.

25. Answering Paragraph 25, Defendant denies the allegations contained in this paragraph.

26. Answering Paragraph 26, Defendant admits Plaintiff urinated on himself on December 31, 2021. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

27. Answering Paragraph 27, Defendant denies the allegations contained in this paragraph.

28. Answering Paragraph 28, Defendant admits a nurse noted swelling to Plaintiff's right arm and hand on January 1, 2022. Defendant admits that on January 1, 2022 a nurse made a recommendation to downgrade Plaintiff's restraints. Defendant denies the remaining allegations contained in this paragraph.

29. Answering Paragraph 29, Defendant admits that on January 1, 2022, the restraints on Plaintiff's wrists were loosened. Defendant denies the remaining allegations contained in this paragraph.

30. Answering Paragraph 30, Defendant admits that on January 1, 2022, Plaintiff was taken to an outside hospital. Answering the remaining allegations contained in this Paragraph, Defendant affirmatively alleges that these allegations contain legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

31. Answering Paragraph 31, Defendant affirmatively alleges that Paragraph 31 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

32. Answering Paragraph 32, Defendant affirmatively alleges that Paragraph 32 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

33. Answering Paragraph 33, Defendant affirmatively alleges that Paragraph 33 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

34. Answering Paragraph 34, Defendant affirmatively alleges that Paragraph 34 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

35. Answering Paragraph 35, Defendant affirmatively alleges that Paragraph 35 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is deemed

required, Defendant denies the allegations contained in this Paragraph in their entirety.

36. Answering Paragraph 36, Defendant affirmatively alleges that Paragraph 36 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

37. Answering Paragraph 37, Defendant affirmatively alleges that Paragraph 37 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

38. Answering Paragraph 38, Defendant affirmatively alleges that Paragraph 38 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

39. Answering Paragraph 39, Defendant affirmatively alleges that Paragraph 39 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

## COUNT I

### Assault

40. Answering Paragraph 40, this paragraph represents an incorporation by reference of paragraphs 1 trough 39, to which no response is required. To the extend an answer is deemed required, Defendant denies, generally and specifically, each, all and every allegation contained therein.

41. Answering Paragraph 41, Defendant affirmatively alleges that Paragraph 41 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

42. Answering Paragraph 42, Defendant affirmatively alleges that Paragraph 42

contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

43. Answering Paragraph 43, Defendant affirmatively alleges that Paragraph 43 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

44. Answering Paragraph 44, Defendant affirmatively alleges that Paragraph 44 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

45. Answering Paragraph 45, Defendant affirmatively alleges that Paragraph 45 contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this Paragraph in their entirety.

## COUNT II

### Battery

46. Answering Paragraph 46, this paragraph represents an incorporation by reference of paragraphs 1 trough 45, to which no response is required. To the extend an answer is deemed required, Defendant denies, generally and specifically, each, all and every allegation contained therein.

47. Answering Paragraph 47, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

48. Answering Paragraph 48, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed

required, Defendant denies the allegations contained in this paragraph in their entirety.

49. Answering Paragraph 49, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

50. Answering Paragraph 50, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

51. Answering Paragraph 51, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

## COUNT III

### Intentional Infliction of Emotional Distress

52. Answering Paragraph 52, this paragraph represents an incorporation by reference of paragraphs 1 trough 51, to which no response is required. To the extend an answer is deemed required, Defendant denies, generally and specifically, each, all and every allegation contained therein.

53. Answering Paragraph 53, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

54. Answering Paragraph 54, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

55. Answering Paragraph 55, Defendant affirmatively alleges that this paragraph

contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

## COUNT IV

### Negligence

56. Answering Paragraph 56, this paragraph represents an incorporation by reference of paragraphs 1 trough 55, to which no response is required. To the extend an answer is deemed required, Defendant denies, generally and specifically, each, all and every allegation contained therein.

57. Answering Paragraph 57, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

58. Answering Paragraph 58, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

59. Answering Paragraph 59, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

60. Answering Paragraph 60, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

# COUNT V[1]

## Medical Malpractice

61. Answering Paragraph 61, this paragraph represents an incorporation by reference of paragraphs 1 trough 60, to which no response is required. To the extend an answer is deemed required, Defendant denies, generally and specifically, each, all and every allegation contained therein.

62. Answering Paragraph 62, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

63. Answering Paragraph 63, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

64. Answering Paragraph 64, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

65. Answering Paragraph 65, Defendant affirmatively alleges that this paragraph contains allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations contained in this paragraph in their entirety.

## **PRAYER FOR RELIEF**

This section of Plaintiff's Complaint represents a prayer for relief, to which no response is required. To the extent an answer is deemed required, Defendant denies,

---

[1] Count V, as listed here, is labeled as a second "Count IV" in Plaintiff's Complaint. ECF No. 1. In responding to the Complaint, Defendant presumes this was a typographical error and refers to this section as "Count V."

generally and specifically, each, all and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. The Complaint and each claim asserted therein fails to state a claim against the United States upon which relief can be granted.

2. All of Plaintiff's claims against the United States are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671 *et seq*.

3. Plaintiff's recovery against the United States is limited to the damages recoverable under the FTCA, which does not provide for recovery of punitive damages, attorney's fees, and/or prejudgment interest. 28 U.S.C. § 2674, 2678.

4. Plaintiff's claim for damages is limited to damages recoverable under Arizona law. Arizona is a comparative fault state. To the extent Plaintiff establishes there was negligent conduct, which the United States denies, the United States may only be liable for its proportionate share of any fault and Plaintiff's recovery may be reduced or barred by the comparative negligence or fault of the Plaintiff, any other parties (if any), and/or other non-parties. Ariz. Rev. Stat. § 12-2506.

5. Plaintiff is not entitled to post-judgment interest.

6. Plaintiff's recovery in this action, if any, is limited to the amount of the claim presented administratively, pursuant to 28 U.S.C. § 2675(b).

7. Defendant United States violated no legal duty owed to Plaintiff.

8. Any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the Complaint, shall limit or preclude Plaintiff's claims or recovery from the United States. 28 U.S.C. §§ 2674, 2678.

9. Plaintiff is not entitled to an award of attorneys' fees, which must be deducted from any recovery in an FTCA case. 28 U.S.C. § 2678. Plaintiff's attorney's fees, if any, are limited by the provisions of 28 U.S.C. § 2678.

10. Plaintiff is not entitled to a jury trial against the United States in this action under the FTCA. 28 U.S.C. §2402.

11. Plaintiff's recovery must be reduced to the extent Plaintiff failed to mitigate or minimize his damages, if any.

12. If Defendant United States was negligent, which is expressly denied, there may have also been other negligent parties. Defendant United States may be held liable only for its proportionate share of the fault, if any.

13. All future damages, if any, must be reduced to present value.

14. Income tax must be deducted from any alleged past and future lost earnings.

15. The only proper defendant in an action brought pursuant to the Federal Tort Claims Act is the United States of America.

16. Plaintiff alleges that the United States committed a tort that arises from discretionary conduct. Sovereign immunity bars Plaintiff's FTCA action against the United States under the discretionary function exception of the FTCA. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims against the United States.

WHEREFORE, Defendant United States prays that Plaintiff take nothing by way of his Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant United States, together with costs and such other and further relief as the Court deems appropriate in this case.

DATED: August 8, 2025          Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Stephanie A. Sotomayor*
STEPHANIE A. SOTOMAYOR
Assistant United States Attorney
Attorneys for Defendant United States