ADAM GORDON
United States Attorney
Southern District of California

GLEN F. DORGAN, CA Bar No. 160502
STEPHANIE A. SOTOMAYOR, IL Bar No. 6325877
LISA M. HEMANN, AZ Bar No. 024703
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-7665/9590/6964
Glen.Dorgan@usdoj.gov
Stephanie.Sotomayor@usdoj.gov
Lisa.Hemann@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tavon Barber,<br><br>Plaintiff,<br><br>v.<br><br>Jaclyn Avilez, et al.,<br><br>Defendants. | Case No. 4:25-cv-00086-TUC-AMM<br><br>**DEFENDANT AVILEZ'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Jaclyn Avilez, through undersigned counsel, and in answer to Plaintiff's First Amended Complaint, admits, denies, and alleges as follows:

1. Paragraph 1 is a characterization of the lawsuit and does not contain any allegations against Defendants. Therefore, no response is required by this this answering Defendant. To the extent the Court requires a response, Defendant Avilez denies all allegations against her in Paragraph 1.

/ / /

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

2. Paragraph 2 contains legal conclusions that require no response under the Federal Rules of Civil Procedure. However, should the Court require a response, Defendant denies them.

3. Answering Paragraph 3, contains legal conclusions that require no response under the Federal Rules of Civil Procedure. However, should the Court require a response, Defendant denies them.

## PARTIES

4. Answering Paragraph 4, Defendant Avilez admits that Plaintiff Tavon Barber is an adult, that he was a prisoner at the United States Penitentiary in Tucson (USP-Tucson) at the time of the events alleged in the First Amended Complaint, and that the United States Bureau of Prisons was operating USP-Tucson at the time of the events alleged in the First Amended Complaint. Defendant Avilez is without sufficient information to admit or deny the remaining allegations contained in Paragraph 4 and, therefore, denies them

5. Defendant Avilez admits that, during the times of the events alleged in the First Amended Complaint, she was a nurse at USP-Tucson.

6. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 6 and, therefore, denies them.

## FACTS

7. Answering Paragraph 7, Defendant Avilez admits that Plaintiff was placed in a restraint chair on December 31, 2021. Defendant Avilez is without sufficient information to admit or deny the remaining allegations in Paragraph 7 and, therefore, denies them.

8. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies them.

9. Answering Paragraph 9, Defendant Avilez admits only she saw Plaintiff while he was in the restraint chair during the events alleged in the First Amended Complaint. To the extent there are any remaining allegations in Paragraph 9, Defendant Avilez denies them.

/ / /

10. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies them

11. Defendant Avilez admits that she is not the only prison personnel who would have seen Plaintiff while he was in the restraint chair; however, she is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 and, therefore, denies them.

12. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 12 and, therefore, denies them.

13. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, denies them.

14. Defendant Avilez admits that when she saw Plaintiff in the restraint chair during the time in question that she observed swelling. Defendant denies all remaining allegations in Paragraph 14.

15. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies them.

16. Defendant Avilez denies the allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 are not directed at Defendant Avilez, so no response is required under the Federal Rules of Civil Procedure. To the extent the Court requires a response, Defendant Avilez denies the allegations of Paragraph 17.

18. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies them

19. Answering Paragraph 19, Defendant Avilez affirmatively alleges that Plaintiff was taken transported to an outside hospital. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 19 and, therefore, denies them.

20. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 20 and, therefore, denies them.

/ / /

21. Answering Paragraph 21, Defendant Avilez admits that she is aware Plaintiff underwent medical treatments and/or procedures, but she is without sufficient information to admit or deny the allegations contained in Paragraph 21 and, therefore, denies them.

22. Answering Paragraph 22, Defendant Avilez admits that she is aware that Plaintiff's left hand was amputated, but she is without sufficient information to admit or deny the allegations contained in Paragraph 22 and, therefore, denies them

23. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 23 and, therefore, denies them.

24. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 24 and, therefore, denies them

25. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 25 and, therefore, denies them.

26. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, denies them.

27. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, denies them.

28. Defendant Avilez is without sufficient information to admit or deny the allegations contained in Paragraph 28 and, therefore, denies them.

**COUNT I: *Bivens* Claim – Eighth Amendment**

29. Paragraph 29 is an incorporation paragraph only. Defendant Avilez incorporates by reference he responses to Paragraphs 1 through 28 as if fully restated here.

30. Paragraph 30 is a statement of the law that requires no response. To the extent Paragraph 30 contains any allegations against Defendant Avilez, she denies them.

31. Defendant Avilez denies the allegations in Paragraph 31.

32. Defendant Avilez denies the allegations in Paragraph 32.

33. Defendant Avilez denies the allegations in Paragraph 33.

34. Defendant Avilez denies each and every allegation not expressly admitted herein.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's First Amended Complaint is the Prayer for Relief, which requires no response. To the extent a response is required, Defendant Avilez denies each and every allegation made therein, and requests the Court deny any and all awards of damages, and that the Court dismiss Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. The First Amended Complaint fails to state a claim against Defendant Avilez upon which relief can be granted.

2. The theory of respondeat superior is insufficient to support Plaintiff's First Amended Complaint.

3. Plaintiff failed to exhaust prison administrative remedies as are available; and therefore, his claims are barred by 42 U.S.C. § 1997e(a) whether denominated as an affirmative defense, subject matter jurisdiction, quasijurisdictional, abatement or a condition precedent.

4. Defendant Avilez affirmatively alleges that the Prison Litigation Reform Act ("PLRA") of 1996, 42 U.S.C. § 1997e(e) precludes Plaintiff from seeking damages for mental or emotional injury suffered while in custody without a prior showing of physical injury for a cause of action based upon *Bivens*.

5. Defendant Avilez is entitled to qualified immunity for any alleged violations of rights that were not clearly established at the time of the conduct in question.

6. Defendant Avilez denies that she was deliberately indifferent to Plaintiff's serious medical needs.

7. Plaintiff fails to establish that the injuries he asserts were caused by Defendant Avilez's conduct.

8. To the extent Plaintiff suffered injuries and damages, Defendant Avilez asserts that there were mitigating and/or aggravating circumstances.

9. Arizona is a comparative fault state. Therefore, to the extent that Plaintiff establishes there was any negligent conduct, which Defendant Avilez denies, Defendants may

only be liable for their proportionate share of any fault and Plaintiff's recovery may be reduced or barred by the comparative negligence or fault of the Plaintiff, any other parties (if any), and/or any other non-parties. Ariz. Rev. Stat. § 12-2506.

10. To the extent that Plaintiff establishes there was any negligent conduct, which Defendants Avilez denies, or that there is a finding of liability and damages are awarded, the amount of damages Plaintiff can recover is limited to what is set forth in his administrative claim. 28 U.S.C. § 2675(b).

11. To the extent Plaintiff establishes that he is entitled to damages, he is not entitled to recover for injuries that pre-existed, or that are otherwise unrelated to the conduct that is the subject of this action.

12. To the extent Plaintiff establishes that he is entitled to damages, he is not entitled to medical expenses that were unreasonable or unnecessary, or to the extent he failed to mitigate them.

13. The United States is the only proper defendant for a claim brought pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(1), and judgment in an action under the Federal Tort Claims Act constitutes a complete bar against any action by Plaintiff that arises from the same underlying facts against the employee of the Government whose conduct gave rise to the claim. 28 U.S.C. § 2676.

14. Defendant Avilez affirmatively alleges that if Plaintiff owes restitution to the victims of his crime(s), any monetary award made to Plaintiff is subject to set-off pursuant to the PLRA §§ 807, 808.

15. The United States reserves the right to raise additional affirmative defenses as additional information becomes available. Those may include but are not limited to the defenses expressly found in the Federal Rules of Civil Procedure 8(c).

WHEREFORE, having fully answered Plaintiff's Complaint, the United States prays that Plaintiff take nothing, her Complaint be dismissed, and judgment be awarded in favor of the United States together with costs and all other just and proper relief.

/ / /

Respectfully submitted this 18th day of December, 2025.

ADAM GORDON
United States Attorney
District of Arizona

*s/Lisa M. Hemann*
GLEN F. DORGAN
STEPHANIE A. SOTOMAYOR
LISA M. HEMANN
Assistant United States Attorneys